IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROXANA WILSON, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 07-0437-CV-W-ODS |
| H&R BLOCK ENTERPRISES, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |
| JOHN J. GRABNER, III, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 07-0599-CV-W-ODS |
| H&R BLOCK, INC., et al., | ) ) ) | |
| Defendants. | ) | |

### ORDER AND OPNION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTIONS FOR RELIEF, AND FINDING ALL OTHER MOTIONS ARE MOOT

Pending are several motions, principally Defendants' Motion for Summary Judgment. The Court concludes Congress has lawfully and retroactively amended the statute that provided a cause of action, so the motion (Doc. # 68) is granted.

### I. BACKGROUND

The Court has detailed the history of this case on numerous occasions. In the interests of completeness and comprehension it will do so again, focusing on the facts that are germane to the pending issues.

Plaintiff Roxana Wilson filed suit against Defendants on June 13, 2007, alleging violations of the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"). The suit

sought certification of a plaintiff class, and was assigned case number 07-0437-CV-W-ODS.  Plaintiff John J. Grabner filed a similar suit on August 21, 2007; the case was assigned case number 07-0599-CV-W-DW.  The latter case was transferred to the undersigned because of its similarity to Wilson's suit, and the case number changed to 07-0599-CV-W-ODS.  On September 17, 2007, the Court consolidated the two cases and directed that all future filings be made in case number 07-0437.  The consolidation was facilitated by the fact that Grabner's attorneys were also Wilson's attorneys.

Plaintiffs filed a Motion for Class Certification, and Defendants filed a Motion for Summary Judgment.  The former motion has never been ruled, so no class actually exists.[1]  The latter motion was predicated on changes to FACTA that were purportedly retroactive.  On August 6, 2008 – after many extensions were granted to afford Plaintiffs time to consider the issues and their options – Wilson agreed to dismiss her claims.  The attorneys then participated in a telephone conference with the Court, following which the Court granted Grabner's attorneys leave to withdraw.  The Court also extended the deadline for Grabner to respond to the Motion for Summary Judgment in order to allow Grabner sufficient time to find a new attorney.  Several more extensions were granted, but all have passed and the Motion for Summary Judgment is now ripe for consideration.

## II.  DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and

---

[1]In light of the Court's ruling today, the Motion to Certify Class (Doc. # 50) is denied as moot.  Defendants' Motion for Leave to File Citation to Supplemental Authority (Doc. # 65) is also moot, as this motion was effectively replaced by Defendants' Motion for Summary Judgment.

2

which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992).  In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

FACTA requires merchants accepting credit cards to truncate certain information on the receipt.

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the credit card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).  FACTA incorporated already-existed enforcement mechanisms, including private lawsuits against those who willfully failed to comply with the law's requirements.  The penalty for willful violations is between $100 and $1,000 per transaction; there is no cause of action for violations that are not willful.  Id. § 1681n.

On June 3, 2008 – after these cases were consolidated – the President signed H.R. 2356 – the Credit and Debit Card Receipt Clarification Act of 2007 – into law, adding subsection (d) to section 1681n:

> For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

3

Section 3(b) of H.R. 2356 expressed Congress' intent that the clarification operate retroactively, declaring that the amendment "shall apply to any action, other than an action which has become final, that is brought for a violation of [15 U.S.C. § 1681c(g)] to which such amendment applies without regard to whether such action is brought before or after the date of the enactment of this [Credit and Debit Card Receipt Clarification Act of 2007]."

Grabner's claims arise from Defendants' failure to truncate the expiration date and not the failure to truncate his credit card number. This can be inferred from his allegations, Amended Complaint ¶¶ 52, and is established beyond contravention by examining his receipt – which shows the date has not been truncated but the credit card number (save the last four digits) has been truncated. The recent amendment thus purports to apply to this case: Grabner claims Defendants violated FACTA by printing the expiration date of his card, but Defendants otherwise complied with FACTA's requirements. His suit was not final when the amendment was signed into law. Therefore, Grabner cannot establish willful noncompliance, and he has no cause of action.

Grabner's remaining arguments address the unfairness and unconstitutionality of the amendment. Fairness – separate and apart from constitutionality – is not a matter for courts to decide. As for the Constitution, Congress is empowered to amend laws even if the amendment will affect pending cases. E.g., Plaut v. Spendthrift Farm, 514 U.S. 211, 218 (1995). Grabner does not have a Due Process interest sufficient to overcome Congress' power to regulate economic and business affairs. Lundeen v. Canadian Pacific R. Co., 532 F.3d 682, 689-90 (8th Cir. 2008). Congress acted with a rational purpose – it was concerned about the burdens associated with noncompliance, which it viewed as disproportionate to the failure to truncate the expiration date. Because Congress did not act arbitrarily and capriciously, the retroactive "clarification" of the term "willful" is valid and bars Grabner's suit.[2]

---

[2] His motion to apply the Fifth Amendment (Doc. # 92) – which raises these issues as a part of a request for affirmative relief – is denied.

## III. CONCLUSION

For these reasons, summary judgment is entered against Plaintiff John Grabner and in favor of Defendants.
IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: January 6, 2009                      UNITED STATES DISTRICT COURT